## 7727

### ATLANTIC COAST LINE R. R. CO. v. JACOB S. SCHIRMER & SONS.

1. CARRIER—FREIGHT.—Where on request of shipper the initial carrier undertakes to trace the shipment and report delivery, it may be reasonably inferred that it was bound by the contract of shipment to do so.

2. MONEY HAD AND RECEIVED.—While even the negligence of one paying money under a mistake of facts should not in all cases preclude his recovering it, he will not be allowed to do so, if the situation of the party receiving has thereby been materially changed so that his original position cannot be restored.

Before Dantzler, J., Charleston, December, 1909. Affirmed.

Action by Atlantic Coast Line Railroad Company against Jacob S. Schirmer & Sons. The report of F. K. Myers, master, to whom all issues were referred, is:

"To the Honorable Court of Common Pleas:

"All issues of law and fact in this case were referred to the undersigned master by an order dated October 9, 1909.

"After taking testimony and hearing argument, I have reached the following conclusions of fact:

"On the 10th day of November, 1906, the defendants herein, C. C. Schirmer and William Schirmer, trading as Jacob S. Schirmer & Sons, in the city of Charleston, delivered to the plaintiff, Atlantic Coast Line Railroad Company, a shipment of rice valued at thirty-one and 25-100 dollars, for delivery to W. R. Wilson, at Statesboro, Georgia. Schirmer filed a claim with the railroad company on December 28, 1906, for the value of the shipment, having previously requested that the goods be traced and notifying the railroad that consignee reported non-delivery. The claim of Schirmer was paid by the plaintiff company on May 20, 1907. On or about May 23, 1908, the railroad company informed Schirmer that this shipment had been delivered to consignee on the 26th day of November, 1906, and demanded a return of the amount of claim paid, which it now seeks to enforce in this case, on the ground of mistake.

"The testimony before me is somewhat unusual in character, consisting of a deposition of the present railroad agent at the point of destination, and certain admitted statements in the shape of letters. Counsel for defendant was not present at the taking of this disposition on behalf of plaintiff, and objects to its competency and sufficiency as to proof of delivery. I shall not pass upon these objections, but will

consider the legal question as if all the facts were clearly proved.

"Counsel for plaintiff relies upon the decisions of the Supreme Court in the cases of *Broun* v. *Boyce*, 4 Rich. 385; *Glenn* v. *Shannon*, 12 S. C. 571; *Bragg* v. *Thompson*, 19 S. C. 578; all of which uphold the established principle that money paid under a mistake of facts, to a person who has no grounds in conscience to retain it, can be recovered. In each of these cases there was a mistake of facts, and it will be further observed, on examination of the decisions, that there was, to quote *Broun* v. *Boyce*, 4 Rich., at page 391, 'no subsequent change of relative condition * * * between them' prior to the bringing of the action for recovery.

"How did the mistake of facts arise resulting in this payment? Defendants had information from consignee that the shipment was not delivered, and transmitted that information to the railroad company, giving its source. The responsibility then rested upon the railroad company to trace the shipment and report delivery, if made, to defendants, so that they might enforce payment from consignee. With a denial of receipt from consignee, defendants had no method of ascertaining delivery except from the railroad company. Five months after the claim was filed the railroad company paid the claim, and one year after payment notified the defendants that delivery had been made on November 26, 1906, and demanded a return of the money. The testimony shows that in the interim the consignee had gone out of business and moved away.

"I do not think it can be said in this case that the payment was made under a mistake of facts, because there was a duty upon the plaintiff to ascertain the facts, and more than reasonable time before the payment was made in which to do so.

"Nor is this a case in which there was 'no subsequent change in relative conditions.' Nor can defendants be said

to have been paid money which they have no grounds in conscience to retain.

"I therefore respectfully recommend that the complaint be dismissed with costs."

From circuit order affirming report of master, plaintiff appeals.

*Mr. W. Huger FitzSimons,* for appellant, cites: *Money paid under a mistake of facts can be recovered:* 12 S. C. 571; 19 S. C. 578; 4 Rich. 385; 132 U. S. 271; 54 N. Y. 432; 55 N. Y. 211; 63 N. Y. 455; 65 N. W. R. 6; 41 At. R. 548; 15 Rich. 286. *In absence of bill of lading liability of carrier ends with delivery in good order to connecting carrier:* 19 S. C. 353; 78 S. C. 49. *Section 1710 of Code of 1902 cannot apply because not pleaded and no contract applicable to that section was proved:* 53 S. C. 496. *Negligence of plaintiff does not defeat his right to recover:* 54 N. Y. 432; 55 N. Y. 211; 65 N. W. 6; 41 At. 548. *If circumstances exist taking case out of general rule burden is on defendant to show it:* 63 N. Y. 455; 55 N. Y. 215.

*Messrs. Burke, Rivers* and *Erckman,* contra, cite: *Plaintiff must show his right to recover in a court of equity:* 15 Rich. 293; 3 Hill 28. *The Court will assist the vigilant, not the negligent:* 20 Ency. 831; 93 U. S. 61; 49 S. C. 242; 46 S. C. 229. *The status quo must be restored before relief will be granted:* 20 Ency. 20; 93 U. S. 62.

December 1, 1910.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  The facts of this case are fully and clearly stated in the report of the master, F. K. Myers, Esq., whose report was confirmed and made the judgment of the Circuit Court.  This being a case at law, the findings of fact below, having any testimony to support them, are not reviewable by this Court.  The conclusions of law based

upon the facts found are correct. The testimony shows that the shipment went over the lines of three connecting carriers. Plaintiff contends that, as the bill of lading was not in evidence, there was nothing to show a contract for through transportation and delivery, and, therefore, the presumption arises that the responsibility of plaintiff, the initial carrier, terminated upon its delivering the shipment to the next connecting carrier in good order, and, hence, that it was error to hold that the responsibility was upon plaintiff to trace the shipment and report delivery, if made, so that defendants might enforce payment of the consignee. The testimony shows that, upon demand of the defendants, the plaintiff accepted and assumed that responsibility, without question, from which a reasonable inference may be drawn that it was bound by the contract of shipment to do so. Defendants having relied upon its undertaking to do so, it will not now be allowed to repudiate the responsibility.

The correspondence between defendants and plaintiff's agent shows that, before the claim was paid by plaintiff, defendants called attention to their claim for this shipment several times, and asked for a report upon it, stating that the goods were sold on thirty days time, that the shipment had already been out for fifty days, and that they had lately heard that the consignee was "in a bad way financially," and requesting the stoppage of delivery, if the goods should arrive at destination, as they would hold the road liable for them. Nearly four months after receiving this information, plaintiff paid the claim, and not until a year afterwards did it notify defendants of the delivery of the goods and demand return of the money. Defendants' testimony tended to show that the consignee had made prompt payment for all prior shipments, but had never paid for this one, and that, in the meantime, he had gone out of business and moved away from Statesboro, and defendants had been unable to locate him.

From these facts and circumstances, we cannot say that the finding that the relative situation of the parties had changed was wholly without testimony to support it. While even the negligence of one paying money under a mistake of facts should not, in all cases, preclude his recovering it, he will not be allowed to do so, if the situation of the party receiving it has thereby been materially changed so that his original position cannot be restored. 22 A. & E. Ency. L. (2 ed.) 624.

Affirmed.

MR. JUSTICE WOODS *concurs in the result.*