### SOUTHERN COTTON OIL COMPANY v. BRYANT

#### (134 S. E., 508)

1. PLEADING.—Answer denying allegations of complaint in action on note cannot be stricken out as sham.

2. PLEADING.—Answer may contain distinct and even contradictory defenses.

3. PLEADING.—In action on note, answer containing a general denial, a plea of alteration, and of failure of consideration, *held* improperly stricken out as sham.

4. PLEADING.—In action on note, a general denial in answer is not demurrable.

Before STEVENSON, SPECIAL JUDGE, Darlington, March, 1926. Reversed, and remanded for new trial.

Action by the Southern Cotton Oil Company against B. J. Bryant. Judgment for the plaintiff on motion to strike out the answer and on a demurrer thereto, and defendant appeals.

*Messrs. Miller & Lawson,* for appellant, cite: *Answer denying material allegation of complaint may not be stricken out as sham:* 129 S. C., 25; 115 S. C., 254; 97 S. C., 392; 86 S. C., 330; 43 S. C., 24; 41 S. C., 198; 9 S. C., 438. *Ten days' notice of hearing of demurrer required:* Code Civ. Proc., 1922, Sec. 35. *Addition of name of attesting witness to note after delivery is material alteration:* 6 Am. Dec., 169; Crawford's Annotated N. I. L., 211; 2 C. J., 1207; Joyces Defenses to Commercial Paper, Sec. 306; 24 L. R. A. (N. S.), 1155, note.

*Messrs. Spears & Want,* for respondent, cite: *Answer properly stricken out:* 126 S. E., 133. *Addition of name of attesting witness to note after delivery not material alteration:* 96 S. C., 690.

September 21, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE C. J. RAMAGE.

Action on note. Complaint in usual form and verified. The answer contains three defenses: (1) A general denial; (2) material alteration of note sued on; (3) failure of consideration.

Plaintiff respondent gave notice of motion to strike out answer on ground that same was sham and frivolous, and, failing in that, to strike out the third defense on same ground. Also gave notice of demurrer as to the first and second defenses.

Upon hearing the motion to strike out the answer, his honor, the Special Judge, granted motion, and, upon hearing the demurrer, he sustained it. Defendant appeals.

The first defense of the answer is as follows: "(1) That defendant denies each and every the allegations in said complaint contained." The answer is verified.

Without going into any extended discussion of the law it is sufficient to say that an answer denying the allegations of the complaint presents a question of fact for the jury and cannot be stricken out as sham. An answer may contain several distinct defenses and even contradictory defenses. In *Standard Co. v. Henry,* 43 S. C., 25; 20 S. E., 793, the Supreme Court, speaking through the great Chief Justice McIver, says:

"The rule, as we understand it, is that an answer which denies any material allegation in the complaint cannot be stricken out, on motion, as either sham or frivolous."

Here the complaint alleges the execution and delivery of the note, sets out the note, the amount alleged to be due thereon, etc. The answer by the first defense denies all the allegations of the complaint.

His Honor sustained the motion and passed an order striking out the answer. We think he erred in so doing. When this motion to strike out was granted, there was no part of the answer left, for the order is as follows, in part:

"This matter comes before me on a motion to strike out the answer on the ground that the same is sham and frivolous. * * * Counsel having been fully heard, it is ordered, adjudged, and decreed, that the motion to strike out the answer be, and the same is hereby, granted."

Of course when this motion was granted, there was nothing of the answer left; yet, according to the record, the demurrer as sustained in the following language:

"It is ordered, adjudged, and decreed that the demurrer to the first defense of the answer of the defendant as set forth in paragraphs 1 and 2 of the said answer be, and the same is hereby, sustained."

As stated above, the first defense set out in paragraph 1 of the answer is a general denial. This defense could not be stricken out as sham or frivolous, nor was it subject to demurrer. And when the motion to strike out the answer was granted, there was nothing left of the answer and consequently nothing to demur to.

We have not deemed it necessary to consider any of the other exceptions. It was error to strike out paragraph 1 of the complaint which was a general denial; as well as other defenses.

It is ordered that the judgment of the lower Court be reversed, and that the case be remanded for a new trial on the pleadings.

MESSRS. JUSTICES WATTS, BLEASE, and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (dissenting): Action upon a promissory note, executed and delivered to the plaintiff by the defendant. The date is December 7, 1921; the amount is $130.14; the maturity is February 1, 1922; interest after maturity at 8 per cent. per annum and 10 per cent. attorney's fees.

The complaint is in the usual form. The defendant answered setting up the following alleged defenses: (1) A general denial. (2) An alleged material alteration in the

28—S. C.—136.

note—the addition of the signature of a witness to the note. (3) An admission of the execution of the note sued upon, and the defense of failure of consideration, in that the paint for the purchase price of which the note was given was worthless.

The plaintiff gave notice of a motion to strike out the answer as sham and frivolous and also demurred to the second defense as set forth above. The matters coming on to be heard before Hon. W. M. Stevenson, Special Judge, presiding at Darlington, he sustained both the motion and the demurrer by separate orders, from which the defendant has appealed.

A frivolous answer is one which, assuming its contents to be true, presents no defense to the action; an allegation is irrelevant which has no substantial relation to the controversy between the parties to an action; a sham answer is one good in form, but false in fact, and not pleaded in good faith. Bliss Code Pl., page 645 (note).

The answer is plainly neither irrelevant nor frivolous. That it is sham I think is equally plain. The defendant, while interposing a general denial, proceeds immediately to admit the execution and delivery of the note for goods purchased of the plaintiff, in both paragraphs 1 and 11. That fact, therefore, is not in issue. As is said in 31 Cyc., 211:

"A party who formally and explicitly admits by his pleading that which establishes plaintiff's right, will not be suffered to deny its existence, or to prove any state of facts inconsistent with that admission. As between the denial of a fact alleged in the complaint and a direct admission of the same fact in the answer, the admission, and not the denial will be taken as true."

The motion to strike out an answer as sham presents a question of fact to be determined by the Court upon affidavits or in such manner as the Court may direct. *Union Guano Co. v. Garrison*, 130 S. C., 404; 126 S. E., 133, and

cases cited at pages 407. This last-cited case also holds explicitly:

"The allegation of ownership is superfluous, and the denial of it without the allegation of facts upon which the denial might be supported is nothing more than the denial of a legal conclusion based upon the presumption; which, of course, does not put the fact of ownership in issue."

The transcript shows that the note was before the Circuit Judge upon the hearing of the motion. It thus appears that neither the execution and delivery of the note nor the ownership and possession of it were in issue. It also appears in the answer that the note has not been paid, nor any part of it.

The defendant then attempts to set up the two defenses above enumerated—the alleged material alteration, and the alleged failure of consideration.

As to the alteration: It is contended that the addition of the signature of a witness to the note was a material alteration which avoided the note. In Joyce Def. Com. Paper, § 306, it is said:

"And where by law it is immaterial whether an instrument has or has not an attesting witness, an attestation has no legal effect, and the addition of a name as witness will be an immaterial alteration."

See, also, note 24 L. R. A. (N. S.), 1155.

As to failure of consideration: It appears that the goods were sold on an invoice dated May 27, 1920, amounting to $116.90, that nothing was paid upon it, and that on December 7, 1921, 18 months afterwards, the defendant gave his note therefor with interest from May 27, 1920, amounting to $130.14. It is clear, therefore, that he has waived his alleged defense of failure of consideration. See *Powers v. Levy,* 134 S. E., —.

I have not considered the letters of May 4, 1921, and July 7, 1921, produced by the plaintiff as having been written to them by the defendant asking for indulgence and prom-

ising to pay, in view of the denial by the defendant of having written them.

The Circuit Judge was clearly right in sustaining the demurrer to the defense of alteration, for the reasons above stated.