12189

PEOPLE'S BANK v. EASTERLING *ET AL.*

(137 S. E., 740)

1. PLEADING—MOTION TO STRIKE OUT AS SHAM PRESENTS QUESTION OF FACT DETERMINABLE BY COURT.—Motion to strike out answer on

ground that it was a sham presents a question of fact to be determined by Court on affidavits or in such manner as Court may direct.

2. PLEADING—POWER TO STRIKE OUT PLEADING AS SHAM SHOULD BE USED ONLY IN CASES FREE FROM DOUBT, PARTICULARLY WHEN BASED ON AFFIDAVITS.—Power of Court to strike out as sham should be sparingly used and only in cases free from doubt, and special caution should be observed in striking pleadings as being sham where motion is based on affidavits of parties only.

3. PLEADING—DEFENDANTS' ANSWER TO ACTION ON NOTE ALLEGING ACCEPTANCE OF RENEWAL NOTE HELD SHAM IN VIEW OF ADMISSIONS OF AFFIDAVITS.—Answer filed by defendants to action on note alleging acceptance by plaintiff of renewal note *held* a sham intended to delay or defeat plaintiff's action, in view of admissions shown by affidavits that defendants had failed to secure signature of indorser as required on such renewal note and admission of liability on such note to attorney having original note for collection.

Before W. M. STEVENSON, SPECIAL JUDGE, Darlington, April term, 1926. Affirmed.

Action by People's Bank of Hartsville against S. E. Easterling and others. From an order striking out the answer, defendants appeal. Affirmed.

*Messrs. Spears & Want,* for appellant, cite: *Issue as to truth of facts in answer triable by jury; cannot be disposed of on motion or by affidavit:* 134 S. E., 508. *"Sham pleadings":* 97 S. C., 389; 128 Fed., 181; 2 S. C., 422, 427. *Allegation irrelevant when issue formed by its denial can have no connection with nor effect upon the cause of action:* 97 S. C., 389, 394; *Id.,* 396.

*Messrs. Miller, Lawson & Stokes,* for respondent, cite: *Motion to strike out as sham presents question of fact to be determined by Court upon affidavits, or in such manner as may direct:* 130 S. C., 404; 105 S. C., 513; 100 S. C., 196; 97 S. C., 387. *Cases distinguished:* 136 S. C., 453. *"Novation":* 128 S. C., 434; 129 S. C., 115; 2 Defenses to Commercial Paper (Joyce), Sec. 966.

April 13, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a promissory note. The summons and complaint were dated February 18, 1926. The complaint sets forth, in the usual manner, a promissory note for $2,000, dated December 10, 1924, due October 2, 1925, signed by the defendant, S. E. Easterling, and indorsed by the defendants, E. W. Easterling and John L. Easterling, the payments, and the balance due thereon.

The defendants by their answer admit the execution of the note, but set up the following defense:

"That on or about December 28, 1925, the defendants, through S. E. Easterling, at the request of the plaintiff, made, executed and delivered to the plaintiff, as evidence of the obligation described in the complaint, and in substitution and renewal of the note therein set forth., a new note for the sum of $1,400, in the same terms as the note described in the complaint, except that the date of payment was made April 1, 1926; at the same time, upon the request of the plaintiff, and by agreement between the plaintiff and the defendants, the defendant, S. E. Easterling, deposited with the plaintiff his check drawn on Bank of Hartsville, signed by the said defendant, with the amount left blank, upon the understanding and condition that the said check would be filled in for the amount of interest or discount due upon the said renewal note according to the terms thereof, together with such additional amount as might be necessary to reduce the indebtedness to $1,400; that at the time aforesaid the defendant, S. E. Easterling, had on deposit with Bank of Hartsville adequate funds to meet the said check when the same should be filled in, and, accordingly, upon the delivery of the said renewal note and the said check, the above-stated agreement between the plaintiff and the defendants became and was in all respects consummated, and no further negotiations in regard thereto took place; that thereafter, without any notice to the defendants, and no reason or excuse therefor, the plaintiff repudiated the above-stated arrangement to the extent of re-

turning to the defendant, S. E. Easterling, the note above described, but did not return and has not since returned to him the check above referred to; that accordingly the defendants are advised and alleged that the plaintiff is not entitled to recover upon the note described in the complaint, and that the remedies of the plaintiff should be and are upon the renewal note above set forth, which the defendants have always been and are still willing to redeliver to the plaintiff, and upon the check of the defendant, S. E. Easterling, given in connection therewith."

The complaint and the answer were both verified.

Upon due notice to the defendants the plaintiff made a motion, based upon the pleadings and proceedings in the cause, an affidavit of Geo. H. Thomas, and an affidavit of F. A. Miller, for an order striking out the answer on the ground that it was sham, frivolous, and irrelevant, and the presiding Judge granted the motion. The pertinent portions of these affidavits are as follows:

From the affidavit of Thomas:

"Personally comes Geo. H. Thomas, who, being duly sworn, says that he is now, and was at the times hereinafter mentioned, cashier and vice president of the People's Bank of Hartsville, S. C.

"Deponent has read the answer of the defendants verified March 9, 1926, and brings to the attention of the Court the following facts:

"On October 2, 1925, the note of S. E. Easterling indorsed by E. W. Easterling and John L. Easterling became due and efforts were made to obtain payment. After several weeks of negotiation along this line and after repeated promises of payment by S. E. Easterling none of which promises were kept, the defendant, S. E. Easterling, desired to renew the note, and deponent told him that if he would get his mother's indorsement deponent would present the matter to the finance committee and see what could be done. A note to that effect was prepared and turned

over to Easterling, who took it away. After several days, Easterling came back and told deponent that his mother would not indorse the note. I then told him that if he would get his wife's signature, I would present the note indorsed by her to the finance committee and see if that would be satisfactory. He said he would try to do that. Some days later he told Dr. Egleston, president of the People's Bank of Hartsville, S. C., and Dr. Egleston told me, that S. E. Easterling's wife would not indorse the note. This is all that has taken place between Easterling and the bank with reference to the renewal of the note sued on in this case. The blank check mentioned in the answer was returned to S. E. Easterling when he failed to secure the indorsements above mentioned, and the same was never filled in nor used by the bank in any way, and could not be so used because Easterling failed to get the indorsements which deponent required before submitting the matter to the finance committee. The statement contained in the answer to the contrary is utterly untrue."

From the affidavit of Miller:

"Personally comes F. A. Miller, who, being duly sworn, says that he is plaintiff's attorney in the above-entitled action and has read the answer of the defendants verified March 9, 1926. Deponent further says that on February 5, 1926, he wrote the following letter to the defendants:

" 'February 5, 1926.

" 'Mr. S. E. Easterling, Mr. E. W. Easterling, Mr. John L. Easterling, Hartsville, S. C.—Dear Sirs: We have for collection the note of S. E. Easterling to the People's Bank for $2,000.00, payable October 2, 1925, with interest after maturity at 8 per cent. and 10 per cent. additional as attorney's fees. This note is indorsed by E. W. Easterling and John L. Easterling, and we note two credits of $150.00 and $260.71. Please let us have settlement so that it may not be necessary to follow instructions.

" 'Yours very truly,     MILLER & LAWSON.' "

"Deponent received no reply to this letter.

"Shortly after this letter was written the defendant, S. E. Easterling, came to see deponent about the matter and promised payment within a few days. A little bit later he came again to see deponent and desired indulgence for a few days. On neither of these occasions did the defendant, S. E. Easterling, make any contention whatsoever that the bank had accepted a renewal note, but, on the contrary, promised payment and desired indulgence for that purpose. Shortly after this action was commenced on February 18, 1926, the defendant, John L. Easterling, told deponent that Sam (his brother and codefendant) was going to pay the note, and this defendant never made any such contention as is set forth in the answer. Shortly after the commencement of this action the defendant, E. W. Easterling, spoke to deponent about the matter and made no such contention, saying that if the bank would give Sam time he would pay it, or words to that effect.

"Deponent further says that the public records of this county show that there was recorded in the Clerk's office on February 19, 1926, at 1:40 p. m., what purports to be a deed of John L. Easterling to Lena Fisher Easterling dated August 1, 1925, reciting a consideration of fifty dollars and other valuable considerations, whereby the grantor undertakes to convey to the grantee 75 acres, more or less, bounded north by lands of J. W. Gainey; east by lands of A. E. Davis; south by lands of H. C. Ousley; and west by lands of C. C. Winburn—which tract, as deponent is informed and believes, is all the land the said John L. Easterling owned or owns. The grantee in this deed is the wife of John L. Easterling. See Deed Book 155, p. 229.

"Despondent further brings to the attention of the Court what purports to be a deed from E. W. Easterling to Mrs. W. E. Easterling, recorded in Book 143, at page 593, which deed is dated March 30, 1925, and was recorded July 1, 1925, at 2:30 p. m., reciting a consideration of $4,000.00 and conveying 296 acres, more or less, and also reciting the

assumption by the grantee of the balance due on the mortgage debt on said premises. This grantee is the wife, as deponent is informed and believes, of the grantor, E. W. Easterling.

"Deponent further says that the debt evidenced by the note sued on in this action antedated both of the deeds aforesaid."

Mr. Miller's affidavit also contained a copy of the note.

In reply the defendants submitted an affidavit of S. E. Easterling as follows:

"Personally appeared before me S. E. Easterling, who, being duly sworn, by way of reply to the affidavits filed in this cause on the part of George H. Thomas and F. A. Miller, deposes and says:

"That he denies all and singular the averments of the affidavit of George H. Thomas, to the extent that the same are inconsistent with the answer filed by deponent in this cause; that is to say, he denies that the check in question was ever returned to him or to any one else on his account; he further denies that when the note and check in question were delivered to the plaintiff, it was made a condition of the acceptance of the same that the indorsement of deponent's mother should be added thereto, and he reiterates all and singular the allegations of his answer heretofore made in the premises; that with respect to the affidavit of F. A. Miller, he admits that he conferred with Mr. Miller with respect to the obligation described in the complaint, but specifically denies the statement of Mr. Miller that he, the deponent, did not tell Mr. Miller the facts as set forth in deponent's answer; but, on the contrary, deponent alleges that he did state such defense to Mr. Miller, and that Mr. Miller expressed surprise that such a situation could exist, and said something to the effect that there must have been some misunderstanding on somebody's part; that deponent admits that he told Mr. Miller that if the bank would give him time he would pay the obligation."

The defendants appeal from the order striking out the answer upon four exceptions, but under our view of the case it is necessary to consider only the question whether the answer is sham.

A motion to strike out as sham presents a question of fact to be determined by the Court upon affidavits, or in such manner as the Court may direct. *Union Guano Co. v. Garrison,* 130 S. C., 400; 126 S. E., 133, and cases cited.

We adhere, however, to the principles stated in *Ransom v. Anderson,* 9 S. C., 438, cited in 31 Cyc. at page 628, in which case the Court struck out the answer as being "manifestly false and interposed to delay or defeat the plaintiff's action," but added: "This power should be sparingly used, and only in cases free from doubt." We recognize also that especial caution should be observed in striking pleadings as being sham where the motion is based upon affidavits of the parties only (*Ransom v. Anderson, supra*), but we do not agree with the appellants' apparent contention that the Court should refuse to strike out an answer under such circumstances, even where it appears without doubt from the affidavits that the answer is sham. The appellants base their contention upon the case of *Southern Cotton Oil Co. v. Bryant,* 136 S. C., 453; 134 S. E., 508, but that case does not support their contention, since in that case the answer denied a material allegation of the complaint, to wit, the execution of the note sued upon.

In the present case the execution of the note and the balance due thereon as alleged in the complaint are undisputed, but the defendants contend that there was an agreement that they would pay a part of the indebtedness and the bank would renew the note for the balance, and that they had performed their part of the agreement by delivering to the bank the renewal note and a check signed in blank, to be filled in for the amount agreed to be paid.

Thomas; the cashier of the bank, states in his affidavit that the negotiations for renewal contemplated the indorsement of S. E. Easterling's mother upon the renewal note, and failing that, the indorsement of S. E. Easterling's wife, and that the defendants failed to furnish either of the indorsements. S. E. Easterling in his reply affidavit denies that his mother was to indorse the renewal note, but does not deny that his wife was to indorse it. Consequently, it must be accepted as fact that the renewal of the note was contingent upon the indorsement of Easterling's wife. It appears, therefore, with full credence given to the affidavits both of Thomas and of Easterling, that the agreement for renewing the note was not consummated in accordance with the negotiations and, accordingly, there was never any renewal. In this view of the case the question as to whether or not the check was returned to Easterling is immaterial; it was to be filled in and used by the bank only in case the note was renewed, and it is not contended that the bank ever filled in or used it.

It appears also from the affidavit of the bank's attorney (Miller), and is admitted by Easterling's affidavit, that shortly after Mr. Miller wrote to the defendants about the note, S. E. Easterling went to see him and told him that if the bank would give him time he would pay the obligation. This statement, made in connection with the note then in Miller's hands for collection, was an admission of liability thereon. Under the circumstances, it seems clear to us that the answer is sham and was intended to delay or defeat the plaintiff's action.

It will be noted that we have based our conclusion on undisputed facts, that is to say, those statements of fact contained in the plaintiff's pleadings and affidavits which either were admitted or were not denied by the defendants.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN and CARTER, and MR. ACTING ASSOCIATE JUSTICE WHITING, concur.