## 12365

### SIMMONS MANUFACTURING CO. v. WHITTON AUTOMOTIVE PARTS CO.

#### (141 S. E., 363)

1. APPEAL AND ERROR—WHETHER ANSWER, ALLEGING PAYMENT OF DRAFT SUED ON, WAS SHAM AND FRIVOLOUS, HELD FACT QUESTION FOR PRESIDING JUDGE.—Whether answer, alleging payment and denying any indebtedness to plaintiff on account of draft sued on, was sham and frivolous, was question of fact for presiding Judge, where plaintiff presented his attorney's affidavit that defendant, though claiming after action was commenced, that he paid draft, trans-

Simmons Mfg. Co. *v.* Whitton Auto. Parts Co. 153

152]                          Fall Term, 1927

mitted to affiant in payment thereof a worthless check and repeatedly thereafter promised to take up such check, which was offered in evidence.

2. Pleading—Answer Alleging Payment of Draft Sued on Held Properly Stricken as Sham and Frivolous, in View of Affidavit as to Transmission of, and Promises to take Up, Worthless Check Offered in Evidence.—In action on draft, answer alleging payment thereof, and denying any indebtedness to plaintiff on account of it, *held* properly stricken as sham and frivolous, where plaintiff presented his attorney's affidavit that defendant, though claiming after action was commenced that he paid draft, transmitted worthless check in payment thereof and repeatedly thereafter promised to take up such check, which was offered in evidence.

3. Corporations—Denial of Plaintiff's Corporate Capacity Did not Sufficiently Put Such Fact in Issue.—In action on draft drawn by plaintiff on defendant, denial of plaintiff's corporate capacity did not sufficiently put such fact in isuse.

Before Whaley, J., Richland, July, 1927.   Affirmed.

Action by the Simmons Manufacturing Company against the Whitton Automotive Parts Company.   Judgment for plaintiff, and defendant appeals.

The affidavit of Hunter A. Gibbes follows:

"Personally appeared Hunter A. Gibbes, who being duly sworn says that he is attorney for the plaintiff in the within entitled cause; that the answer of the defendant denies under oath that the defendant is indebted to the plaintiff as alleged in the complaint; that this action was commenced about June 18, 1927, and shortly thereafter the defendant claimed that he had sent a check to the plaintiff in full settlement of the debts sued on; that upon inquiry being made it appeared that no check had been received by the plaintiff; that on several occasions prior to July 2, 1927, the defendant repeatedly stated that he had paid the claim; that finally on or about July 2, 1927, defendant sent plaintiff a check for the account sued on, but the said check is not good, there not being sufficient funds in the bank to pay it; that repeated efforts have been made to collect on the said check, but without

154 Simmons Mfg. Co. *v.* Whitton Auto. Parts Co.

Arguments [143 S. C.

result; that since July 2, 1927, the defendant has repeatedly promised to make the check good, but has failed to do so; that the defendant has made promises to pay the amount of the debt in installments, but has failed to pay anything at all; that the deponent alleges on information that the defendant is claiming payment by virtue of the said bad check, and this deponent alleges that the answer should be set aside and judgment ordered against the defendant for the plantiff."

The order of Judge Whaley is as follows:

"This cause comes before me on a motion to strike out the answer of the defendant as frivolous, sham, and intended for the purpose of delay. It appears that this action is upon an accepted draft, and that on July 2, 1927, a check was given the plaintiff for the amount of the draft, $440.20; the check not having been paid. The giving of a check not good cannot be considered as settlement of an accepted draft. The exchange of one piece of paper for another cannot be regarded as payment, unless something else appears.

"It is therefore ordered and adjudged that the answer of the defendant be stricken out as sham and frivolous.

"It is further ordered that the plaintiff, the Simmons Manufacturing Company, have judgment against the defendant Whitton Automotive Parts Company, for the sum of $444.73, and costs."

*Mr. N. A. Theodore,* for appellant, cites: *"Frivolous answer":* 2 S. C., 426; 43 S. C., 25; 134 S. E., 508; 6 S. C., 118. *Answer raised an issue to go to the jury:* 106 S. C., 457; 115 S. C., 255. *The power of ordering judgment on motions to strike out as frivolous should be sparingly used and only in cases free from doubt:* 9 S. C., 440. *Cases distinguished:* 126 S. E., 133.

*Messrs. Hunter A. Gibbes* and *F. S. Porter,* for respondent, cite: *If answer is adjudged sham judgment may be pronounced at once:* 6 S. C., 113. *If answer is manifestly false and intended to delay it may be stricken out:* 6 S. C.,

113; 97 S. C., 389; 9 S. C., 438; 106 S. C., 544; 115 S. C., 225.

January 27, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor Judge Whaley, of the County Court of Richland County, striking out the defendant's answer as sham and frivolous and awarding judgment in favor of the plaintiff.

The action was commenced on June 18, 1927, and the answer was served on June 28, 1927. The cause of action was a draft of the plaintiff upon the defendant for $440.20, dated April 8, 1927, payable June 5, 1927, and accepted by the defendant on April 23, 1927.

The answer denied the corporate capacity of the plaintiff; admits the corporate capacity of the defendant; admits the accepted draft; alleges payment; and denies any indebtedness to the plaintiff on account of the draft.

Upon the hearing of the motion to strike out the answer as sham and frivolous, the plaintiff presented the affidavit of the attorney Hunter A. Gibbes, Esq., to the effect that after the action was commenced and before July 2, 1927, the defendant claimed to have paid the draft; that nevertheless on July 2, 1927, the defendant transmitted to him in payment of the draft a bank check for the exact amount; that the check was presented to the bank and payment refused on account of insufficient funds; that repeatedly thereafter the defendant promised to take up the check, but never did so. The check was offered in evidence.

Under these circumstances the question was one of fact for the presiding Judge, and we agree with his conclusions.

The denial of the corporate capacity of the plaintiff did not sufficiently put that fact in issue. *Bank v. Yarborough,* 120 S. C., 385; 113 S. E., 313. See upon the subject of motion of the present character: *Burk-*

*halter v. Townsend,* 139 S. C., 324; 138 S. E., 34; *People's Bank of Hartsville v. Easterling,* 139 S. C., 286; 137 S. E., 740; *So. Cotton Oil Co. v. Bryant,* 136 S. C., 453; 134 S. E., 508, and cases cited.

The judgment of this Court is that the judgment appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.