16927

THE TOWN OF BENNETTSVILLE, a South Carolina Municipal Corporation, Respondent, v. J. C. BLEDSOE, doing business as J. C. Bledsoe Construction Company, Appellant, and The Fidelity and Casualty Company, a Corporation

(84 S. E. (2d) 554)

*John S. Nicholson, Esq.,* of Columbia, *for Appellant,*

*Messrs. Robinson, Robinson & Dreher,* and *George W. Freeman, Jr.,* of Columbia, *for Respondent,*

November 11, 1954.

STUKES, Justice.

The appellant contracted to construct certain municipal improvements for respondent for $110,000.00 which was payable as the work progressed upon estimates of the completed work. As the result of mutual mistake there were overpayments aggregating $16,053.14. When this was called to appellant's attention he asked for time for an audit, after which he was requested to acknowledge in writing the correctness of the amount. Appellant did this by letter to respondent's Superintendent of Utilities, dated May 22, 1953, as follows:

"This will acknowledge an overpayment of $16,053.14 for water and sewer construction for the City of Bennettsville, South Carolina.

"I regret the circumstances under which this over-payment occurred. I am rather heavily stocked with small pipe

fittings which I would like to return to this town for credit. I shall be glad to meet with the Town Council to discuss means of settling the balance due.

"Yours truly,

J. C. Bledsoe."

Upon appellant's failure to refund the amount this action was promptly brought against him and his bondsman (but the latter is not concerned with this appeal) for money judgment and other relief. The nature of the appeal requires that the material allegations of the answer be rather fully stated. In the first defense it was admitted, quoting, "That there has been an apparent voluntary overpayment," of which appellant was not aware until advised by the respondent, but the amount is uncertain and appellant's books were being audited to determine the amount which is within respondent's knowledge; the amount of any overpayment has been invested in other jobs and appellant is without funds. For a second defense it was alleged that any overpayment was voluntarily made with knowledge of all material facts and without fraud, duress or extortion; for a third defense, that any overpayment was not made through mistake because the facts were within respondent's knowledge or it had the means of knowledge; for a fourth defense, that subsequent to the voluntary overpayment appellant had changed his condition and overextended by entering new contracts for which he had purchased materials, etc., and had been unsuccessful thereabout; and, finally, for a fifth defense, that any overpayment was due to the respondent's negligence, whereby appellant's condition had been changed.

Upon the pleadings, an affidavit of an officer of respondent and appellant's letter of acknowledgment, which is quoted hereinabove, respondent moved for an order striking the first defense of the answer as sham and irrelevant, demurred to the defenses other than the first, and moved for judgment on the pleadings. Appellant also submitted an affidavit in which it was averred that, because respondent

paid as the work progressed upon its own estimates, he did not know of the overpayment until two months after the completion of the contract. He has small operating capital and he bid upon other work believing that the cash on hand was his own and he has lost large sums upon his subsequent contracts whereby he now has no cash and judgment would bankrupt him.

The first defense of the answer was stricken as sham, the demurrer to the other defenses was sustained and judgment rendered against appellant, including interest upon the amount of the overpayment from the date of appellant's written acknowledgment of it.

Appellant first submits in his brief that it was error to strike the first defense of his answer. "Sham and irrelevant answers and defenses may be stricken out on motion * * *." Sec. 10-654, Code of 1952. But it is rarely done. *Etiwan Fertilizer Co. v. Johns,* 202 S. C. 29, 24 S. E. (2d) 74; *Baker v. Allen,* 220 S. C. 141, 66 S. E. (2d) 618. However, in this instance it was proper because the alleged first defense was patently sham. In view of appellant's written admission, which was before the court and the authenticity and accuracy of which he did not challenge, there was no doubt of the fact or amount of the overpayment received by him. *Simmons Mfg. Co. v. Whitton Automotive Parts Co.,* 143 S. C. 152, 141 S. E. 363; *Ocean Forest Co. v. Woodside,* 184 S. C. 428, 192 S. E. 413. The qualified general denial contained in the answer was of no effect in the face of the admitted facts. *Ocean Forest Co. v. Woodside, supra.* A like, limited denial was similarly held to be ineffective against demurrer, because of admissions in the answer, in *Duncan v. McCormick County,* 192 S. C. 216, 6 S. E. (2d) 265.

It is next contended by appellant that the demurrer to the other defenses of the answer should have been overruled. They relate to right of recovery of a voluntary payment.

"It is an elementary principle that no action will lie to recover money voluntarily paid with full knowledge of all the facts." *Hardaway v. Southern R.,* 90 S. C. 475, 73 S. E. 1020, 1025, Ann. Cas. 1913D, 266. However, here neither party to the transaction had knowledge of the facts; both were mistaken; it is a perfect case of mutual mistake. It was so, and recovery back allowed, in *Pilot Life Ins. Co. v. Cudd,* 208 S. C. 6, 36 S. E. (2d) 860, 167 A. L. R. 463. In such a case as this negligence is of no moment because the change of position which is alleged by appellant is of no consequence. "The doctrine as to an irrevocable change of position involving loss to the defendant, where the parties are equally innocent, constitutes no defense to an action brought to recover money paid under mistake, it being said that it is an ordinary result of payment of money by mistake that the payee has incurred liabilities or paid money which he would not have done, except for the receipt of the money, and if the rule were applied in all cases there could seldom be a recovery." 40 Am. Jur. 853, Payment, Sec. 201. On the other hand, for an effective change of position by the payee, which prevented recovery, because it would have been inequitable, see *Atlantic Coast Line R. Co. v. Jacob S. Schirmer & Sons,* 87 S. C. 309, 69 S. E. 439.

It was said in *Lesster v. City of New York,* 1899, 161 N. Y. 628, 55 N. E. 1097, affirming, 1898, 33 App. Div. 350, 53 N. Y. 934, that the cases which hold that money paid under mistake could not be recovered unless the party receiving it could be put back in his original position have involved instances when the one receiving the money was entirely free and innocent of mistake.

The action is at law for money had and received but it is well-settled that equitable principles govern. There is in this case no equity alleged or apparent which offsets the unjust enrichment of appellant at respondent's expense, which would result if he were allowed to re-

tain the overpayment. He is not entitled to it in equity and good conscience, which is the usual test in such cases.

No point has been made in the case of the fact that respondent is a municipality and the funds sued for were public funds, and consideration thereof is also otherwise unnecessary; but see 40 Am. Jur. 858, Payment, sec. 209, and the authorities collected in the annotation in 63 A. L. R. 1346.

The last contention of error is that interest should not have been included in the judgment which was rendered against appellant. With this we agree because interest was not demanded in the complaint or the prayer. *Rawls v. American Central Ins. Co.,* 97 S. C. 189, 81 S. E. 505; 30 Am. Jur. 51, Interest, Sec. 64.

The judgment under appeal is affirmed upon condition that respondent remit upon the record of it the amount of the interest which accrued prior to the rendition of the judgment; if such remission be not entered within ten days after the remittitur is sent down to the circuit court, the judgment shall be reversed.

TAYLOR, OXNER and LEGGE, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.