17053

J. H. SCOTT, Appellant, v. C. P. MEEK, Respondent

(88 S. E. (2d) 768)

*Messrs. Williams & Busbee,* of Aiken, *for Appellant,*

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Respondent,*

August 10, 1955.

LEGGE, Justice.

Answering the complaint in this action for damages arising out of an automobile collision, the defendant, after pleading a general denial and contributory negligence and recklessness, set up a counterclaim for personal injuries and property damage alleged to have been sustained by him as the result of the said collision. Plaintiff moved to strike the counterclaim as sham and frivolous, basing his motion upon the pleadings and an affidavit of Lowry H. Dorris, an adjuster for Hartford Accident & Indemnity Company, insurer of plaintiff against liability for death, personal injury or property damage resulting to another from the operation of his automobile. Mr. Dorris' affidavit, after reciting his employment as aforesaid and the report of the accident in question by the insured, proceeds: "I made a routine investigation of said accident, and pursuant to the terms of the contract of insurance, which gives the insurer the right to settle and compromise claims, I negotiated with Dr. C. P. Meek, and under date of December 8, 1953, reached a settlement agreement with him, and thereupon made full and complete settlement on behalf of the insured, J. H. Scott, for all claims for personal injuries, property damage, and otherwise arising out of said accident, at and for the sum of $1,750.00. I delivered the company's check to Dr. Meek for said sum of $1,750.00 on that date, whereupon Dr. Meek then and there executed in writing full and complete release". Continuing, the affidavit avers that a copy of the release is attached as part and parcel of it, and that the original is in the hands of plaintiff's counsel for exhibition to the court upon the hearing of the motion.

The release reads as follows:

"For the sole consideration of one thousand seven hundred fifty ($1,750.00) dollars lawful money of the United

States, to me in hand paid by J. H. Scott, the receipt whereof is hereby *acknowledge,* I, Dr. C. P. Meek, residing in Aiken, South Carolina, being of lawful age, do hereby release, acquit, and forever discharge the said J. H. Scott from any and all actions, causes of action, claims and demands, costs, loss of services, expenses, and compensation on account of or in any way growing out of any and all known and unknown personal injuries and property damage resulting or to result from accident that occurred on or about the 16th day of October, 1953, by reason of automobile accident on U. S. Highway No. 1 about 6 miles south of Aiken, S. C., at the Warrenville-Graniteville crossing, and do hereby for myself, my heirs, successors and assigns covenant with the said J. H. Scott to indemnify and save harmless from all claims and demands, costs, loss of services, expenses, and compensation on account of or in any way growing out of said accident or its result both to person and property. It is expressly understood and agreed that the acceptance of the said amount of one thousand seven hundred and fifty ($1,750.00) dollars is in full accord and satisfaction of a disputed claim, and that the payment of the said sum of one thousand seven hundred and fifty ($1,750.00) dollars is not an admission of liability.

"In Witness Whereof I have set my hand and seal this 8th day of December, 1953.

"Lowry H. Dorris          C. P. Meek, M.D.

"Augusta, Georgia          Box 746, Aiken, S. C."

Upon the hearing of the motion to strike, the defendant offered nothing to controvert the facts stated in the affidavit and release, or to question the latter's validity. Plaintiff appeals from the order of the circuit court refusing the motion.

A sham pleading is one that is good in form, but false in fact, and not pleaded in good faith. *Etiwan Fertilizer Co. v. Johns,* 202 S. C. 29, 24 S. E. (2d) 74. And a motion to strike a pleading as sham will be granted only where its falsity clearly appears, for where the issue of its truth or falsity is in doubt it should be resolved

upon the trial of the cause and not upon the hearing of the motion. *Etiwan Fertilizer Co. v. Johns, supra; Archambault v. Sprouse,* 215 S. C. 336, 55 S. E. (2d) 70, 12 A. L. R. (2d) 388; *Baker v. Allen,* 220 S. C. 141, 66 S. E. (2d) 618.

But where the showing in support of the motion is susceptible of no reasonable inference other than that the pleading under attack is in fact sham, the motion to strike should be granted. *Simmons Mfg. Co. v. Whitton Automotive Parts Co.,* 143 S. C. 152, 141 S. E. 363. So have we held, for example, where it appeared uncontroverted that the pleader had settled and compromised the cause of action set forth in the offending pleading. *Norton v. Planters Fertilizer & Phosphate Co.,* 206 S. C. 119, 33 S. E. (2d) 247.

In the instant case it is uncontroverted that the defendant has been paid in full for all injuries and damage resulting to him from the accident, and that he has executed an unconditional release discharging the plaintiff, without qualification or reservation, from liability in the premises. It is obvious, therefore, that the purpose of the counterclaim is not recovery from the plaintiff. Not unreasonable is the inference that its purpose is to maneuver the plaintiff into a position where, in order to reply, he will have to plead either: (a) that he has paid for the defendant's injuries and damage, or (b) that payment has been made to the defendant on his behalf, but without his consent. Injection of the settlement into the cause by this means, although perhaps decisive against the counterclaim, would in all probability be fatal to the plaintiff's case. On the other hand, the defendant may be reluctant to offer evidence of the settlement in bar of the plaintiff's claim because of the express provision in the release that "the payment of said sum * * .* is not an admission of liability". But we are not here concerned with the possible embarrassment to either or both of the parties that may result from proof of the settlement of the defendant's claim. The sole issue before us is whether the counterclaim pleaded by the defendant is

sham. The record clearly demonstrates that it is, and in our opinion the motion to strike it should have been granted.

Reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.