WESTERN LAND PLANNING COMPA-
NY, American Contractors, Inc. and
Kenneth R. Ringbloom, Plaintiffs,

v.

MIDLAND NATIONAL BANK,
Defendant.

MIDLAND NATIONAL BANK, Plaintiff,

v.

Kenneth R. RINGBLOOM and Darlene E.
Ringbloom, Defendants.

Nos. 75–C–140, 75–C–499.

United States District Court,
E. D. Wisconsin.

July 20, 1977.

Michael W. Ford, Chapman & Cutler, Chi-
cago, Ill., for Western Land Planning and
American Contractors, Inc.

David J. Cannon, Milwaukee, Wis., for Midland National Bank.

Manuel J. Robbins, Robbins, Coe, Rubinstein & Shafran, Chicago, Ill., for Ringbloom.

David J. Cannon, John A. Busch and John K. MacIver, Michael, Best & Friedrich, Milwaukee, Wis., for Midland.

William J. McGrath, Jr., Wheaton, Ill.; for Village of Valley View.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The defendant has filed a motion for leave to file an amended answer in order to assert a counterclaim. This action has a rather involved procedural history.

The initial complaint was filed by Western Land Planning Company (Western), American Contractors, Inc. (American), and Kenneth R. Ringbloom on March 18, 1975. Midland National Bank was named as a defendant. The action arises out of a loan made by the defendant to Western. Simply stated, the plaintiffs allege that Midland wrongfully refused to disburse funds in accordance with the loan agreement. Midland answered the complaint and discovery commenced.

On October 21, 1975, Western petitioned the United States District Court for the Northern District of Illinois for a Chapter XI arrangement in bankruptcy. American has filed a similar petition.

On June 11, 1976, Midland filed an action against Kenneth and Darlene Ringbloom demanding repayment of the loan made to Western which forms the subject matter of the action in this Court brought by Western. The Ringblooms allegedly guaranteed the loan. That action was removed to this Court and the two actions have since been consolidated.

On June 25, 1976, the Court before which the bankruptcy proceedings involving Western and America were pending, issued orders allowing Western and America as debtors in possession to continue the action against Midland in this Court.

In January of 1977, the Village of Valley View filed and served its complaint as an intervenor in the action brought by Western. The Village alleges that Midland is liable in damages to it also due to its wrongful refusal to disburse funds in accordance with the loan agreement.

The instant motion was then filed by Midland. The counterclaim sought to be pleaded seeks recovery of the moneys actually paid to Western under the loan agreement from Western. The counterclaim is such that in absence of any consideration regarding the bankruptcy of Western, it would be a compulsory counterclaim under Rule 13 to Western's action against Midland.

The plaintiff's objection to the motion is based primarily on jurisdictional grounds. Western contends that the pending bankruptcy and order staying all proceedings against it removes jurisdiction over the counterclaim from this Court.

Sections 68 and 302 of the Bankruptcy Act are the primary sections to be examined. Section 302, 11 U.S.C. § 702, makes the provisions applicable to a straight bankruptcy applicable to Chapter XI proceedings "insofar as they are not inconsistent with or in conflict with the provisions of [Chapter XI]." Section 68 expresses the general policy that mutual debts between a bankrupt estate and a creditor shall be set off against each other, a policy which has been construed to allow courts to entertain counterclaims as well as purely defensive set-offs and recoupments. *See* 4 Collier on Bankruptcy §§ 68.02 and 68.03 (14th Ed. 1975). If section 68 is to be applied to the instant case, the Court does have jurisdiction over the counterclaim. The issue for resolution then is whether section 68 is "inconsistent with or in conflict with the provisions of [Chapter XI.]"

The plaintiff argues that the counterclaim must be denied because it would grant a discriminatory preference to one creditor over all other creditors. Such an argument merely begs the question. Section 68 allows such set-offs and counter-

claims; they are not considered "preferences" by the Act. The real question is whether under the facts of this case granting the counterclaim will be inconsistent with Chapter XI.

The Court does not find the Supreme Court decision of *Baker v. Gold Seals Liquors*, 417 U.S. 467, 94 S.Ct. 2504, 41 L.Ed.2d 243 controlling. That case involved the reorganization of a railroad under § 77 of the Bankruptcy Act, 11 U.S.C. § 205. The Court found no express statutory authority for applying section 68 to reorganizations under § 77. *Id.* at 470 n. 3, 94 S.Ct. 2504. As for Chapter XI reorganizations, this Court finds § 302 to be such express authority for applying § 68.

The substantial differences between straight bankruptcy and reorganization must be considered. These differences were stated by the Third Circuit in *Susquehanna Chemical Corp. v. Producers Bank & Trust Co.*, 174 F.2d 783, 786–87 (3rd Cir. 1949).

In considering whether the application of a set-off provision is inconsistent with the purpose of the reorganization chapter it must be kept in mind that there is a sharp difference between straight bankruptcy proceedings and those for reorganization. In bankruptcy the object is to liquidate the assets of the bankrupt, to pay off his creditors as quickly and inexpensively as possible and to free that bankrupt from the burden of accumulated debt so that he may begin his business life anew. But the purpose of reorganization is not liquidation at all. If reorganization is successful the debtor corporation will continue to function, to pay its creditors, and carry on its business. The purpose of reorganization is to save a sick business, not to bury it and divide up its belongings.

It is quite evident that the application of the unqualified right of set-off might be enough, without more, to defeat the purpose of reorganization. As Finletter says on the subject: "It is not appropriate to use the same rule of set-off as is applied in a liquidation. To do so may deprive the debtor, for no equitable reason, of all or a large part of its current assets at a time when it needs them most and may frustrate the purpose of the Act."

Recognition of the important differences between straight bankruptcy and reorganization has led both the courts and textbooks writers to say that the compulsory application of Section 68 to all reorganization cases would not be consistent with provisions of the chapter. In other words, sometimes the set-off rule of Section 68 is to be applicable; at other times it is not. Whether it is or not depends upon the equities of the situation.

As stated by the Third Circuit, if the utilization of a set-off or counterclaim will render the bankrupt unable to proceed and necessarily defeat reorganization, the set-off or counterclaim should not be allowed in a reorganization case. It is not the simple fact that a reorganization bankruptcy is pending which renders the operation of § 68 inapplicable.

The policy of the Bankruptcy Act is to allow set-offs and counterclaims. That policy is made applicable to Chapter XI proceedings by § 302. The Court is reluctant to disturb this policy in the absence of compelling circumstances.

The facts presented on the motion before the Court indicate that the counterclaim should be allowed. The assertion of the counterclaim will not deprive the plaintiff of any current assets. It will not disturb the ongoing operation of the business. Prior to a plan for reorganization being developed, the assets as well as the liabilities of the plaintiff must be determined. The resolution of the claims of the complaint as well as the counterclaim will aid in this process. The complaint itself raises the validity of the loan agreement which is the basis for the counterclaim. This issue will be decided in this action regardless of the assertion of the counterclaim. The issues with respect to damages on the counterclaim are intertwined with those of the complaint.

These factors lead the Court to the conclusion that the circumstances of this case compel the allowance of the counterclaim. The Court, therefore, finds that it has jurisdiction over the counterclaim.

■ The plaintiff has also urged this Court to deny leave to file the counterclaim since it was not timely filed. The Court finds this argument unpersuasive. The interests of justice dictate that this matter be entirely resolved. While this action has been pending for over two years, progress has not been rapid. The amendment will not in the Court's estimation delay or otherwise hamper the proceedings.

For the reasons stated above, the defendant's motion for leave to file the counterclaim is GRANTED.