In re Russell R. BRACY, (a/k/a Russell Raymond Bracy, Russell Bracy and Russell R. Bracy d/b/a PABCO), Bankrupt.

No. CV 77–53–GF.

United States District Court,
D. Montana,
Great Falls Division.

April 27, 1978.

Alexander Blewett, III, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for bankrupt.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

On September 7, 1976, Thomas Palmer brought an action in the state court against Russell R. Bracy to recover damages for the personal injuries suffered by Palmer in an automobile accident. On September 22, 1976, Bracy filed a petition in bankruptcy and named Palmer as a creditor. The filing of the petition automatically stayed the state court action. Fed.R.Bankr.P. 401(a). Notwithstanding the stay, Palmer, on December 13, 1976, secured a default judgment against Bracy. On January 7, 1977, the discharge of bankrupt was filed. It had the effect of releasing Bracy from tort liability to Palmer. In February 1977 Bracy went into the state court and sought to set aside the default judgment on the ground, among others, that it had been entered in violation of the stay occasioned by the filing of the petition in bankruptcy. The state court refused to vacate the judgment. Bracy then went into the bankruptcy court and, after a hearing, procured from the bankruptcy court an order, dated August 18, 1977, providing:

That Thomas H. Palmer, his agents and attorneys, are hereby enjoined from taking further action in Cause # 81788–B District Court, Eighth Judicial District, Cascade County, State of Montana, and said judgment purportedly entered in that case is hereby declared to be null and void against this bankrupt.

Palmer appeals from that order.

It may be that Bracy was insured by Guaranty National Insurance Company and that the insurance policy covered the loss. It may be that under Montana law Palmer had some rights against the insurance company on account of the damages suffered by him. These are problems of Montana law, and this court expresses no opinion as to them. Section 16 of the Bankruptcy Act (11 U.S.C. § 34) provides that "[t]he liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." This court specifically holds that, if an insurance company is as a matter of state law liable to a plaintiff in a personal injury action, subsequent discharge of the assured in bankruptcy does not alter the obligation of the insurance company. It seems clear that it is the policy of the law to discharge the bankrupt but not to release from liability those who are liable with him. See 1A Collier on Bankruptcy ¶ 16.15 (14th ed. 1976).

The judgment of the state court was, as a matter of law, null and void as to Bracy, and the order of discharge of June 7, 1977, and the subsequent order of September 23, 1977, were correct in declaring and in enjoining any action under it as to Bracy. If, however, as a matter of state law, the judgment in the state court has the effect of establishing some fact or fixing some liability as to the insurance company, the state courts are free to give that judgment its proper effect to long as they do not in any way involve Bracy in what is done.

For that reason, the case is remanded to the bankruptcy court with directions to amend the order entered by Judge Gray on August 18, 1977, as follows:

Delete all the words in paragraph 1, page 2, following the word "Montana" in line 4

and substitute the following in lieu thereof: "which would in any way affect, injure, or harass the bankrupt Bracy, and as to him the judgment is declared to be null and void."

This court does not purport to tell the state courts what effect, procedurally or substantively, the state court judgment shall have against any persons other than the bankrupt.