21092

MICHAELS-STERN AND CO., INC., Respondent, v. RICE'S MEN'S
SHOP, INC., and A. F. McLean, Jr., Appellants.

(260 S. E. (2d) 717)

*Frederick K. Jones,* Florence, *for appellants.*

*Lawrence B. Orr,* of *Bridges, Bridges & Orr,* Florence, *for respondent.*

November 27, 1979.

GREGORY, Justice:

Respondent Michaels-Stern filed a petition for an arrangement under Chapter XI of the Federal Bankruptcy Act, Title 11 of the United States Code,[1] on March 25, 1977. That same day the bankruptcy judge for the United States District Court, Western District of New York, signed a restraining order enjoining all actions against respondent pending final decree of the bankruptcy court.

On September 29, 1977, respondent brought this action on account against appellants Rice's Men's Shop and A. F. McLean, Jr., seeking $11,972.59 in damages. Appellants counterclaimed alleging breach of contract, excessive price and usury and sought damages in the amount of $25,000.00.

On motion of respondent, the lower court dismissed the counterclaim on the grounds that the Chapter XI proceedings were pending in New York and that the bankruptcy court there had enjoined actions against the debtor.

This appeal followed. We affirm.

A Chapter XI proceeding for an arrangement has an aim and purpose quite distinct from the objective of a straight bankruptcy under Chapters I through

---

[1] The Bankruptcy Reform Act of 1978 became effective October 1, 1979. Since this action as well as the collateral Chapter XI proceeding was commenced prior to that date, the pre-Reform Act federal bankruptcy laws are pertinent.

VII of the Bankruptcy Act. *Diversa-Graphics, Inc. v. Management & Technical Services Company,* 561 F. (2d) 725 (8th Cir. 1977). In an arrangement the objective is the continued vitality of the debtor's business; whereas a straight bankruptcy contemplates the liquidation of the bankrupt's assets and discharge of his accumulated indebtedness. *Id.;* See *Susquehanna Chemical Corporation v. Producers Bank & Trust Co., Bradford,* Pa., 174 F. (2d) 783 (3rd Cir. 1949).

In furtherance of this rehabilitative aim of the arrangement proceeding, a debtor such as respondent may seek to marshall its assets through the collection of accounts receivables and other amounts owed it in order to have sufficient cash flow to operate and at the same time implement a plan to pay its creditors. See: *Western Land Planning Company v. Midland National Bank,* 434 F. Supp. 616 (D. C. Wis. 1977); *Diversa-Graphics, supra.*

In light of the disparate purposes of arrangements under Chapter XI and straight bankruptcies pursuant to Chapters I through VII, not all statutory provisions of the latter are applicable to arrangement proceedings. *Bohack Corporation v. Borden, Inc.,* 450 F. Supp. 367 (D. C. N. Y. 1978). Only those provisions which are "not inconsistent with or in conflict with" the provisions of Chapter XI apply. 11 U. S. C. § 702.

Appellant contends that one such straight bankruptcy provision, 11 U. S. C. § 108, is apposite to Chapter XI proceedings and as such furnishes statutory authority for appellants' counterclaim. That section provides:

108. Set-offs and counterclaims.—(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

The rule fashioned by the federal courts which have addressed the question of the applicability of this section to arrangement proceedings under Chapter XI is that although generally permissible under 11 U. S. C. § 702, the § 108 set-off or counterclaim should not be allowed where doing so would defeat the objectives of the arrangement proceeding. *Western Land Planning, supra; Diversa-Graphics, supra.*

The allowance or prohibition of a counterclaim under Chapter XI is a matter that normally rests with the equitable discretion of the bankruptcy court, which weighs the competing interests in light of the totality of the circumstances. *Boback, supra.* Moreover, that court has exclusive jurisdiction over the person and property of the debtor for the purposes of Chapter XI. 11 U. S. C. § 711.

In our view, the lower court's dismissal without prejudice of appellants' counterclaim is in furtherance of the aim of the Chapter XI proceeding and in deference to the bankruptcy court's restraining order. Consequently, it does not amount to an abuse of discretion. The bankruptcy court is vested with broad powers to stay, even without notice, stated and federal actions against a Chapter XI debtor. 11 U. S. C. § 714.

Our decision should not be interpreted by appellants as one denying them a remedy for any rightful claims they may have against respondent. Nor do we hereby strip appellants of the defenses raised in their Answer to this action.

We hold only that in light of the collateral bankruptcy proceedings in this matter appellants' appropriate course of action is to first petition the bankruptcy court for relief either by way of permission to bring the counterclaim pursuant to 11 U. S. C. § 108, or lifting if the restraining order as to their claims.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.