21559

Pamela Denise BELL, Respondent, v. FORREST PASCHAL MACHINERY COMPANY AND ENGINEERING ASSOCIATES, INC., Defendants, of which Forrest Paschal Machinery Company is, Appellant.

(282 S. E. (2d) 232)

*Turner, Padget, Graham & Laney,* Columbia, *for appellant.*

*Whaley, McCutchen & Blanton,* Columbia, and *Oswald & Floyd,* West Columbia, *for respondent.*

September 14, 1981.

LEWIS, Chief Justice:

This appeal is from an order striking certain defenses set out in the appellant's Answer below. We affirm.

The respondent brought action for personal injuries allegedly caused by defects in certain machinery produced by the appellant. By way of defense, the appellant pled its bankruptcy as a bar to the suit, specifically alleging: (1) a restraining order of the bankruptcy court enjoining "all persons" from commencing such actions against appellant; (2) appellant's discharge by the bankruptcy court; (3) failure of the respondent to name the trustee in bankruptcy as a codefendant. These defenses were struck from the Answer by the court below, and appeal is taken. Additionally the appellant urges this Court to hold that its liability insurer should be relieved of any liability or duty to defend by reason of the bankruptcy and other considerations.

> The striking of a defense from a pleading is a "drastic remedy" rarely to be granted. *Germofert Mfg. Company v. Castles,* 97 S. C. 389, 393, 81 S. E. 665; *Etiwan*

*Fertilizer Co. v. Johns,* 202 S. C. 29, 35, 24 S. E. (2d) 74. Upon the review of the record and briefs of counsel, however, we conclude that in each instance the challenged defense was so manifestly false that the trial court had no choice but to strike it as a sham. *Town of Bennettsville v. Bledsoe,* 226 S. C. 214, 217, 84 S. E. (2d) 554; *Scott v. Meek,* 228 S. C. 29, 333, 88 S. E. (2d) 768.

The appellant's first defense set up a restraining order issued by the U. S. District Court for North Carolina acting as a court of bankruptcy under the pre-1978 Bankruptcy Act. The order was issued in September 1976, and the respondent commenced her action in the Richland County Court of Common Pleas in July 1978. Appellant urges that the respondent was bound by the restraining order and barred at the outset from pursuing recovery in this proceeding. We find the law to be otherwise.

Study of United States Supreme Court cases on the subject shows that a North Carolina federal court has no power to restrain a plaintiff who is not a party to a bankruptcy proceeding therein who has not submitted to its jurisdiction, and who is a resident of another jurisdiction, such as South Carolna. *Acme Harvester Co. v. Beekman Lumber Co.,* 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208. Under the pre-1978 Bankruptcy Act, a federal district court acting in a bankruptcy case could reach into other jurisdictions beyond its territorial limits only by means of an ancillary proceeding in a district court having jurisdiction over persons to be restrained. The record before us shows that this respondent was never served with process in the appellant's North Carolina proceeding, and as a result the restraining order is unvailing against her. The court below properly struck this defense from the Answer.

Appellant next asserts that the respondent's claim is barred by its discharge in bankruptcy. This defense is difficult to understand in light of the appellant's candid admission that the respondent was at no time scheduled as a creditor in the bankruptcy proceeding. Under Section 17(a)(3) of the Act, 11 U. S. C. A. § 35(a)(3), no debt is

discharged in bankruptcy which has not been scheduled in time for the creditor to file and prove a claim. Section 57(n) of the pre-1978 Bankruptcy Act, 11 U. S. C. A. § 93(n), establishes a six month limitation for the proof and allowance of claims. There is no dispute in the record of this appeal that the respondent commenced her action and learned of appellant's bankruptcy at least one year after the expiration of the filing period. When the absence of scheduling has been shown, as here, the debtor must prove in the alternative a timely notice or knowledge of the bankruptcy on the part of a creditor. 8B C. J. S., Bankruptcy, Section 586(b), p. 149. No such showing was made to the court below, rendering appellant's claim of bar by discharge a falsity in fact. The court acted properly in striking this defense.

As a further defense, the appellant asserts that a defact in parties existed by reason of respondent's failure to name the trustee in bankruptcy as a defendant. Appellant's Answer alleges no facts to show why this is so; on the contrary, it offers nothing more than a legal conclusion that the trustee was a necessary and/or indispensable party. We find no authority for the proposition that where, as here, a plaintiff has effectively been foreclosed from participating in the defendant's bankruptcy estate, there is any "interest" in the trustee to require the presence of the same before a state court in a separate, subsequent proceeding. The defense was properly struck from the pleading.

Finally the appellant calls upon us to determine the liability or duty to defend of its liability insurer. We find the request both premature and improper, since the insurer is not before this Court. We have certainly expressed the view that a discharge in bankruptcy is personal to the bankrupt and does not generally cancel, release or impair liability of a surety or person jointly liable for a debt. *Dominion Culvert & Metal Corp. v. United States Fidelity & Guaranty Company*, 238 S. C. 452, 460, 120 S. E. (2d) 518. This holding rests upon the language of Section 16 of the Act, 11 U. S. C. A., Section 34, as commonly understood and applied in most jurisdictions. *In re Bracy*, 449 F. Supp. 70 (D. C. Mont.). Since we have determined that the appel-

lant's bankruptcy defenses are of no avail in this case the duty to defend on the part of its insurer as well as its ultimate liability are matters of contract between those parties and are obviously not presented on this appeal.

NESS, GREGORY and HARWELL, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent.

Because I was assigned this opinion originally, I reprint here as my dissent my proposed majority opinion with appropriate modifications and some revisions.

This action brings to issue the validity and effect of several bankruptcy defenses asserted by defendant Forrest Paschal Machinery Co. against the products liability complaint of plaintiff Pamela Denise Bell.

In her complaint, Bell alleges that while employed by Richtex Corporation in November, 1974, she was injured while working on or near a brick handling machine manufactured by defendant(s) Forrest and/or Engineering Associates[1] and then sold to Richtex. The complaint sets forth three alternative causes of action, including negligence, strict liability, and implied warranty.

In January, 1976, Forrest filed a petition for an arrangement under Chapter XI of the Federal Bankruptcy Act, Title II of the United States Code. A restraining order was contemporaneously issued by the bankruptcy judge. It reads, in part, as follows:

"The above named party having filed a petition for an arrangement under Chapter XI of the Bankruptcy Act on the 29th day of January, 1976, and the Court finding that the proper administration of the debtor's estate requires that the existing situation regarding the debtor's assets and liabilities be preserved pending the election of a trustee at the first

---

[1] Engineering Associates apparently did not participate in the answer to the complaint and is not involved in this appeal.

meeting of creditors and the further administration of the estate in accordance with the Bankruptcy Act; and the Court finding that the automatic stap as provided for in Rules 401 and 601 is contained herein; the Court on its own motion and pursuant to Section 2(a)(15) of the Act orders as follows:

"*IT IS ORDERED, ADJUDGED AND DECREED that all persons, creditors, firms, corporations, Sheriffs, Marshals, their respective agents and employees, or other persons, be and they are hereby enjoined and restrained from instituting, commencing, continuing or taking any further steps in proceedings or suits against the aforesaid debtor or the property of said debtor, or in any way interfering with or disturbing the property and assets of said debtor, until further order of this Court;* and it is further

"ORDERED that notice of this Restraining Order shall be included within the notice of the first meeting of creditors issued in these proceedings. Any person desiring release or relief from this Order may make his application for the same with due notice to the trustee who is elected at the meeting of the creditors to represent this estate. . . ." (Emphasis added.)

The rehabilitation arrangement being unsuccessful, the bankruptcy court issued another order in September, 1976, adjudging Forrest a bankrupt and appointing a trustee. Another, almost identical, restraining order was issued. In November, 1976, Forrest was discharged from bankruptcy and thereby released from all dischargeable debts; the bankruptcy estate proceedings continued.

Bell served her complaint on Forrest in July, 1978. Forrest's attorney promptly responded by letter to Bell's attorney that the action was barred by the September, 1976, restraining order, enclosed copy thereof, and requested that a voluntary dismissal be taken. Copies of the letter and restraining order were forwarded to: (1) the Clerk of Court where the action was filed, within the request that they be considered a response to the complaint, (2) the Secretary of State for South Carolina, (3) the Bankruptcy Judge, and (4) the bankrupt estate trustee.

In June, 1979, the bankrupt estate was closed and the trustee relieved of his duties. In August, 1979, Forrest answered the complaint, setting forth several defenses, including, *inter alia*, the following:

(1) that the January 29, 1976, restraining order barred the suit since Bell had sought no relief from such order;

(2) that the suit was barred by the automatic stay under Rule 401 (as set out in the January 29, 1976, order);

(3) that the complaint involved a provable claim and, therefore, was barred by the discharge of Forrest; and

(4) that the trustee was a necessary and indispensible party and that the complaint should be dismissed for failure to include him.

Bell moved to strike each of the above defenses for being sham, without merit, irrelevant, and prejudicial. Forrest then moved for summary judgment on the basis that the complaint was instituted in clear violation of both restraining orders. Forrest now appeals from the order of the trial judge deciding both the motion to strike and the motion for summary judgment in favor of Bell.

Since the bankruptcy proceeding and the complaint were initiated prior to the effective date of the Bankruptcy Reform Act of 1978, the previous federal bankruptcy laws are applicable. *Michaels-Stern & Co., Inc. v. Rice's Men's Shop, Inc.*, 274 S. C. 44, 260 S. E. (2d) 717 (1979).

I first address the trial court's ruling that the action was not barred by either the Rule 401 automatic stay or the §§ 2(a)(15) restraining orders. His ruling was premised by and centered around the following statement within his order:

"Both the restraining order referred to in the first defense and the stay referenced in the second defense are bottomed on Rule 401 of the Bankruptcy Rules. . . ."

Rule 401 provides that the filing of the petition for bankruptcy operates as an automatic stay of the commencement of any action against the bankrupt. This stay, however, (1) applies only to provable debts, (2) lapses 30 days after the

first meeting of creditors as to any creditor whose claim was not duly scheduled, and (3) terminates when the bankruptcy case is dismissed. Forrest has not appealed the striking of the Rule 401 automatic stay as a defense, but vigorously argues that the conditions and limitations under Rule 401 are not applicable to the restraining order issued pursuant to § 2(a) (15) of the Bankruptcy Act, 11 U. S. C. A. § 11(a) (15). I agree with Forrest.

By express legislative sanction, the bankruptcy court has discretion to

"Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this Act: Provided, however, That an injunction to restrain a court may be issued by the judge only; . . ." Bankruptcy Act § 2(a) (15), 11 U. S. C. A. § 11(a)(15).

This section has often been used to enjoin and restrain the actions of others, including *in personam* suits brought in state courts against the bankrupt after the bankruptcy petition has been filed. I Collier § 2.61; 8 C. J. S. *Bankruptcy* §§ 142, 143. Whereas Rule 401 and § 2(a) (15) may overlap, the latter is inherently broader.

"Rule 401(a) . . . automatically stays the commencement of any action after bankruptcy founded on any unsecured provable debt which is dischargeable . . . *Additionally where a suit unduly or seriously hampers or interferes with the enforcement of the Act or tends to embarrass the court, its prosecution may be enjoined under the power conferred by § 2 (a)(15) In these situations it is not necessary that the claim involved be a dischargeable one.*" (Emphasis added.) I Collier on Bankruptcy, § 2.62[4]. (14th ed. 1978).

Paragraph (e) of Rule 401 expressly disclaims its exclusiveness.

The bankruptcy courts exercise exclusive jurisdiction with respect to the administration of an estate under the federal bankruptcy laws. In *Tolk v. Weinsten,* 265 S. C. 546, 220 S. E. (2d) 239 (1975), we held that an order issued by a New

York bankruptcy court "restraining all persons, firms, and corporations from proceeding with any additions affecting any property in possession or owned by said debtor . . ." effectively prohibited recovery of property sought against the debtor in a South Carolina court. There, we allowed the suit to be continued following conclusion of the order since the suit had been brought prior to the issuance of the restraining order. In the present case, Bell instituted her suit after the restraining order was already in effect. Therefore, her suit was not proper when initiated. Had she desired to proceed with her action at that time, then a proper application should have been made to modify or vacate the restraining order so as to allow her suit to be brought. I Collier, *supra*, §§ 2.12 [2], 2.66; IA Collier, *supra*, § 11.08[3]; 8A C. J. S. Bankruptcy § 267(2). In *Michaels-Stern & Co. v. Rice's Men's Shop Inc., supra,* we said that where a complainant is confronted with a restraining order enjoining all actions against the debtor pending final decree of the bankruptcy court, "the appropriate course of action is to first petition the bankruptcy court for relief . . . by way of . . . lifting of the restraining order as to [the claim]." No such relief was requested here on Bell's behalf. The bankruptcy proceedings have now been ended; this termination, however, does not vitalize a proceeding which was prohibited when initiated.

Counsel for Bell argues on appeal that the September, 1976, restraining order could not properly be raised at the hearing since only the January order was pled in the answer. I disagree. Forrest specifically notified Bell in the July letter that the September order barred the action. That order, along with the January order, was further made a specific ground for the summary judgment motion, in fact, it was made an exhibit in the hearing below without any objection by attorney for Bell, The September order was properly before the trial court, and this objection cannot be raised for the first time on appeal.

The majority opinion holds that the North Carolina bankruptcy court could not properly restrain Bell, a South Carolina resident, without the aid of ancillary jurisdiction in South Carolina. So far as the record discloses, this issue was

not raised or addressed in the trial court or even argued on appeal. Even were it contested, I am persuaded that both the law and the facts favor Forrest.

Prior to 1973, bankruptcy law generally restricted the availability of service beyond district and state boundaries, and ancillary proceedings were necessary to effect the bankruptcy court's jurisdiction beyond the territorial limits of the district in which such court was held. See *Acme Harvester Co. v. Beekman Lumber Co.*, 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208 (1911); *Rockhold v. O'Brien*, 312 Ill. App 601, 38 N. E. (2d) 819 (1942); *Gathany v. Bishopp*, 177 F. (2d) 567 (4th Cir. 1949). However, in October, 1973, the Rules of Bankruptcy Procedure were amended to allow nationwide service of process under Rule 704(f) (1), ceedings. 1 Collier, *supra*, § 2.11. Additionally, by providing in Section 311 of the Bankruptcy Act, 11 U. S. C. A. § 711, that the court in which the bankruptcy petition is filed shall have "exclusive jurisdiction of the debtor and his property, wherever located," Congress has by necessary inference given the court in proper situations the power to send its process throughout the United States to effect its jurisdiction. 8 Collier, *supra*, § 3.03; *In Re Rubin* 242 F. Supp. 408 (1965), 256 F. Supp. 874 (1966), *rev'd on other grounds* 378 F. (2d) 104 (1967). Some courts have held that an *ex parte* restraining order is sufficient as a public record to impart constructive notice to all. *In Re Rubin, supra; Converse v. Highway Construction Co. of Ohio*, 107 F. (2d) 127 (6th Cir. 1939). There is no disagreement that Bell had actual notice of the restraining order when Forrest mailed her a copy of it in immediate response to the summons and complaint. Therefore, it is my understanding of the law, as applied to the present facts, that Forrest would prevail on this issue.

I would hold that the orders of the bankruptcy court were binding on Bell. I would respect the orders as a matter of comity. Having ruled that the trial court's analysis with respect to the § 2(a) (15) restraining order was erroneous as a matter of law, and having determined that this action was barred in fact, by that order, I would hold that the motion

by Forrest for summary judgment should have been granted and, accordingly, would reverse.

Under the view I take, all other issues become moot.