**In re Sharon WHITE, Debtor.**

**Virginia WEST, Plaintiff,**

**v.**

**Sharon WHITE, Defendant.**

**Bankruptcy No. 85–00075.
Adv. No. 86–0056.**

United States Bankruptcy Court,
District of Columbia.

June 1, 1987.

Jay Berkowitz, Washington, D.C., for plaintiff.

Paul Toulouse, Washington, D.C., for defendant.

## OPINION AND ORDER

GEORGE F. BASON, JR., Bankruptcy Judge.

Before the Court in this adversary proceeding is the debtor-defendant's motion to dismiss plaintiff's complaint. The complaint seeks a determination that plaintiff's claim against the debtor is nondischarge-

able under 11 U.S.C. Sec. 523(a)(3)(A), because the claim is for a debt "neither listed nor scheduled" by the debtor "in time to permit ... timely filing of a proof of claim."

There is no dispute as to the facts. The underlying claim is for personal injuries allegedly sustained, before the bankruptcy petition was filed, as a result of the defendant's negligence. Plaintiff's complaint alleges that she slipped and fell on premises owned by defendant which defendant "negligently failed to repair and/or make safe." [1] Unquestionably, no other ground for nondischargeability exists, aside from that specified in Sec. 523(a)(3). [2]

Plaintiff filed a personal-injury, negligence lawsuit against defendant after but unaware of the filing of the bankruptcy petition. Upon receipt of the summons and complaint in that lawsuit, the debtor-defendant promptly notified plaintiff of the bankruptcy filing. However, this notification occurred only one day before the debtor's discharge hearing, which was held on May 7, 1986. Plaintiff does not allege that the debtor's failure to list plaintiff's claim was intentional or fraudulent. The debtor has received her discharge, by order dated May 19, 1986.

In this case, all creditors to whom notices were sent received notice, pursuant to Bankruptcy Rule 2002(e), that:

"It appears from the schedules of the debtor that there are no assets from which any dividend can be paid to creditors. It is unnecessary for any creditor to file his claim at this time in order to share in any distribution from the estate. If it subsequently appears that there are assets from which a dividend may be paid, creditors will be so notified and given an opportunity to file their claims." Thus, the period in which to file claims never began running; hence it has not expired. *In re Stark*, 717 F.2d 322 (7th Cir. 1983). Therefore, the complaint in this case fails to state a claim for nondischargeability under 11 U.S.C. Sec. 523(a)(3)(A).

■ The complaint also asks for "[t]he lifting of any stay on proceedings to allow Movant [plaintiff] to pursue her claim...." In the case to which this adversary proceeding relates, the plaintiff filed on July 11, 1986 a motion for relief from the automatic stay imposed by 11 U.S.C. Sec. 362(a) so as to be permitted to proceed with the personal-injury lawsuit. Plaintiff-movant alleged, *inter alia*, that the debtor has insurance which fully covers all potential liability plus the duty to defend the personal-injury lawsuit, and hence "the bankruptcy estate will not be prejudiced...."

The debtor's written response to the lift-stay motion, filed on July 21, 1986, raises the defense that "the Plaintiff's claim was in fact discharged along with the other debts of the Debtor on the date of discharge, May 19, 1986." That written response goes on to assert that, although the automatic stay terminated by operation of law at the time the discharge was granted, pursuant to 11 U.S.C. Sec. 362(c)(2)(C), the discharge order's injunction against "continuation ... of any action ... to collect ... as a personal liability of the debtor ... any [discharged] debt" applies to and enjoins the movant's personal-injury lawsuit against the debtor-defendant. [3] 11 U.S.C. Sec. 524(a)(2).

---

1. Amended Complaint for Negligence, para. 7, U.S.D.C.D.C. C.A. No. 86–1000.

2. Section 523(a) of the Bankruptcy Code sets forth all those categories of debts which are not dischargeable in bankruptcy. Briefly described, these non-dischargeable categories of debts are: (1) certain taxes and customs duties, (2) debts arising from certain kinds of false pretenses, false representations and fraud, (3) certain debts "neither listed nor scheduled" by the debtor "in time to permit ... timely filing of a proof of claim" or, in certain cases, "timely [filing of a] request for a determination of dischargeability ...;" (4) debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;" (5) debts in the nature of alimony, maintenance and support; (6) debts "for willful and malicious injury by the debtor" to person or property; (7) debts for certain governmental fines, penalties and forfeitures; (8) certain student loan debts; (9) certain drunk-driving debts; and (10) certain debts that were or could have been listed or scheduled by the debtor in a prior case.

3. The lift-stay motion has been ruled upon by this Court, to the extent of an order approving the parties' agreement "to permit the lifting of

This Court disagrees, to the extent that that lawsuit will affect only the assets and liability of the debtor's insurer, and not the debtor personally. Section 524(e) provides that (with an irrelevant exception) "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." This means, according to the legislative history, that "the discharge of the debtor does not affect co-debtors or guarantors." S.Rep. No. 95–989, p. 81, U.S. Code Cong. & Admin.News 1978, p. 5787. As *Collier* observes:

> "... the provisions [of Sec. 524(a)] apply only with respect to the personal liability of the debtor. When it is necessary to commence or continue a suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such a suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required."

3 *Collier on Bankruptcy,* para. 524.01[3], p. 524–16.

In this case, it is undisputed that the debtor's insurer will fully cover all costs of defense and all potential liability. There is no hint of any problem in this case of insufficient insurance to cover all potential claims. Thus, cases such as *Tringali v. Hathaway Machinery Co., Inc.,* 796 F.2d 553 (1st Cir.1986), *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.1986), and *In re Johns-Manville Corp.,* 40 B.R. 219 (S.D.N.Y.1984), are clearly distinguishable. Rather, the pertinent authority in this regard is *In re Holtkamp,* 669 F.2d 505, 508–09 (7th Cir.1982) ("Allowing the [personal-injury] civil action to go forward did not jeopardize Holtkamp's bankrupt estate because his insurance company assumed full financial responsibility for defending that litigation."

Section 16 of the former Bankruptcy Act contained language similar to but not as broad as Section 524(e). Even under that more limited language, the district court held, in *In re Bracy,* 449 F.Supp. 70, 71 (D.Mont.1978), that:

> ... if an insurance company is as a matter of state law liable to a plaintiff in a personal injury action, subsequent discharge of the assured in bankruptcy does not alter the obligation of the insurance company. It seems clear that it is the policy of the law to discharge the bankrupt but not to release from liability those who are liable with him.

*A fortiori* the same result must follow under the broader language of Section 524(e). Any other outcome would result in a windfall to insurers, which receive premiums as the *quid pro quo* for providing insurance. Any other outcome would also disadvantage both innocent, third-party, personal-injury claimants and innocent general creditors of any bankruptcy estate in which there are assets available for for distribution to creditors, whose pro rata share of those assets must necessarily diminish by inclusion of a claim that could be but is not paid by insurance.

In sum, the undisputed facts demonstrate beyond question as a matter of law (1) that the complaint fails to state a claim for a declaration of nondischargeability, in that the alleged debt is unquestionably dischargeable, and (2) that the precise alternative relief sought ("lifting of any stay") is moot, in that there is now no stay, the automatic stay imposed by 11 U.S.C. Section 362(a) having expired by operation of law and having been superseded by the permanent injunction contained in the order of discharge in this case. Nor is there any basis for modifying that injunction so as to impose "personal liability" upon the debtor.

However, it is equally clear as a matter of law that plaintiff is entitled to relief, albeit of a sort not demanded in her complaint. Plaintiff is entitled to a declaration entitling her to proceed to judgment in her

---

the automatic stay in this matter ... so long as Plaintiff agrees that the Debtor shall have all defenses arising from this bankruptcy proceed-

ing available to her...." Debtor's counsel now takes the position that the discharge order incorporates such a defense.

pending personal-injury negligence lawsuit against the debtor-defendant, provided that all costs of defense are borne by the debtor's insurer and not the debtor personally, and provided further that there be no execution on the judgment against the debtor personally or against any of the debtor's assets except the liability insurance covering plaintiff's lawsuit.

Rule 54(c), F.R.Civ.P., as incorporated by Bankruptcy Rule 7054, provides:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

Hence, it seems apparent that this Court has the power and the duty to grant the declaratory relief described above.

However, the procedural posture of this adversary proceeding at this time gives the Court pause. The only things now before the Court are the complaint and a motion to dismiss. The debtor-defendant may wish to dispute matters that for purposes of the motion to dismiss she has not challenged. Moreover, this Opinion is based on legal authorities and a legal theory not even mentioned by either party, much less discussed. The debtor-defendant should have an opportunity to confront and challenge these authorities.

NOW THEREFORE IT IS ORDERED that, within 15 days after entry of this Order, either party may request a hearing before this Court concerning whether or not this Court should enter judgment declaring that plaintiff is entitled to proceed to judgment in her pending personal-injury lawsuit against the debtor-defendant, provided that all costs of defense are borne by the debtor's insurer and not the debtor personally, and provided further that there be no execution on the judgment against the debtor personally or against any of the debtor's assets except her liability insurance covering plaintiff's lawsuit. If neither party timely requests a hearing, such a judgment will be entered; if a hearing is requested, one will be held.