In re Terry L. **WINTERLAND,** Judith D. **Winterland.**

FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

Terry L. **WINTERLAND** and Judith D. **Winterland, Defendants.**

No. 88–3130.

United States District Court, C.D. Illinois, Springfield Division.

June 9, 1992.

---

Robert W. Scott, Peoria, Ill., Marilyn E. Anderson, F.D.I.C., Washington, D.C., for plaintiff.

Mark T. Dunn, Bloomington, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

Two questions.

What is the effect of an order lifting an 11 U.S.C. § 362(a) stay entered after the stay had been replaced by a permanent injunction pursuant to 11 U.S.C. § 524(a)(2)?

May the Federal Deposit Insurance Corporation (hereinafter "FDIC") be required to reimburse Debtor for any reasonable attorney's fees he may incur as a condition of allowing the FDIC to proceed against Debtor to the extent of his insurance coverage?

### I. *Background*

This cause is before the Court on appeal from the Bankruptcy Court's opinion and order (hereinafter referred to collectively as "order") entered March 29, 1988, 101 B.R. 547.

In its order, the Bankruptcy Court purported to modify the automatic stay of 11 U.S.C. § 362(a) to allow the FDIC to proceed against the Debtor in a federal district court action arising out of the failure of a bank of which Debtor was both president and a member of the Board of Directors.

The order barred the FDIC from pursuing the property of the Debtor or the bankruptcy estate—allowing FDIC to pursue a claim only against available insurance proceeds covering the Debtor. The Bankruptcy Court further found that in the event the Debtor's attorney fees were not covered by his insurance, the FDIC must reimburse the Debtor for reasonable attorney

fees incurred in defending the district court action.

The reason we say that the Bankruptcy Court "purported" to lift the automatic stay is because, at the time the order lifting the stay was entered (March 29, 1988), the Debtor's discharge had already been granted (February 19, 1988); therefore, the § 362(a) stay had been replaced by the § 524(a)(2) permanent injunction.

Considering this chain of events, the first issue to be addressed is whether the Court should proceed to adjudicate the merits of the appeal.

## II. *Lifting the Stay/Permanent Injunction*

To cure the defect in the pleadings before the Bankruptcy Court, and thereby cure the defect in the Bankruptcy Court's order appealed from, the FDIC filed a motion with this Court to treat its motion to modify the automatic stay as a motion to modify the permanent injunction. In its motion, the FDIC refers to a letter that it sent to Bankruptcy Judge Lessen offering to change the pending motion to reflect the commencement of the permanent injunction. Although this letter is dated two days subsequent to the Bankruptcy Court's order, the FDIC asserts that it was sent prior to receipt of the Bankruptcy Court's order. We note that the Debtor made no effort to cure this defect—giving, at least the appearance, that he was "laying in the weeds" on this issue.

■ Debtor argues that the Court should deny the FDIC's curative motion because there are significant differences between a motion to modify a stay and a motion to modify a permanent injunction including: (1) the basis for jurisdiction; (2) the scope of the hearing; (3) Debtor's right to counterclaim for violations of the injunction; and (4) the burden of proof. Though there are differences in the two proceedings, for several reasons we will allow the motion.

First, having reviewed the facts presented to the Bankruptcy Court, we find that the court could properly have lifted the § 524(a)(2) permanent injunction. Thus,

the Debtor is not prejudiced by the Bankruptcy Court's lack of consideration of the different basis for jurisdiction, scope of the hearing, and burden of proof in a § 524(a)(2) proceeding.

Second, with respect to the Debtor's right to counterclaim for violations of the injunction, he may petition the Bankruptcy Court at any time for appropriate relief if the injunction is violated. Therefore, the Debtor is in no way prejudiced if the curative motion is allowed.

Finally, a review of the pertinent case law demonstrates that courts have, albeit reluctantly, allowed motions to lift the permanent injunction. *See, e.g., In re White,* 73 B.R. 983, 986 (Bankr.D.C.1987) (citing Bankruptcy Rule 7054: "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled" while acknowledging that "the procedural posture of this adversary proceeding at this time gives the Court pause"); *Elliott v. Hardison,* 25 B.R. 305 (E.D.Va. 1982) (affirmance by district court of bankruptcy court's order lifting automatic stay after discharge without drawing distinction between §§ 362(a) and 524(a)(2)).

■ Although we proceed to adjudicate the merits of this appeal because of the lack of prejudice to the Debtor, expediency, and precedent allowing such action, we hold that in the future any pending motion for modification of the automatic stay under § 362(a) should be denied as moot once a discharge is granted and the permanent injunction of § 524(a)(2) arises. The nondebtor may then file an appropriate motion seeking to modify the permanent injunction.

## III. *Condition Requiring Payment of Reasonable Attorney's Fees*

The merits of this appeal involve the scope of the Bankruptcy Court's order. In modifying the stay, the court allowed the FDIC to proceed against the Debtor to the extent of any insurance coverage which would cover the Debtor's liability. The FDIC, however, was barred from pursuing the Debtor's property or the property of the bankruptcy estate to satisfy any result-

ing judgment. The bankruptcy court further held that: "In the event that it is subsequently determined that the Debtor's attorney's fees are not covered by insurance, the FDIC is directed to reimburse the Debtor for the reasonable attorney's fees expended on behalf of his defense in the District Court action." It is this stipulation regarding reimbursement of attorney fees that the FDIC challenges on appeal.

■■■ Although § 524 does not have a provision parallel to that of § 362(d) allowing relief from an automatic stay, it is well settled that the injunction of § 524(a)(2) may be modified, see, e.g., In re White Motor Credit Corp., 37 B.R. 631, 646 (N.D.Ohio 1984), aff'd, 761 F.2d 270 (6th Cir.1985); In re McGraw, 18 B.R. 140, 143 (Bankr.W.D.Wis.1982), so long as the Debtor will suffer no personal liability. In the context of a stay modification, we review the Bankruptcy Court's decision on an abuse of discretion standard. In re Boomgarden, 780 F.2d 657, 660 (7th Cir.1985). That standard would appear to apply in the context of an injunction modification as well.

Appellant bases its argument against the requirement that it pay the Debtor's attorney fees on cases that have held that the cost of defending an action in another court does not constitute sufficient grounds, standing alone, to preclude modification. See, e.g., In re Terry, 12 B.R. 578, 582 (Bankr.E.D.Wis.1981). However, as the Bankruptcy Court noted, those cases are distinguishable. Here, the FDIC is attempting to force the Debtor to trial in order to improve its chances of prevailing against the Debtor's co-defendants. The Bankruptcy Court found that the Debtor is not a necessary party to the district court action. The FDIC simply wants the Debtor present to avoid a "blame shifting" defense by the co-defendants. Basically, the FDIC is arguing that it should be allowed to have its cake (or perhaps the purchase price of

the cake) and eat it too. It seeks to improve its chances of prevailing against Debtor's co-defendants by hauling the Debtor, whose liability has been discharged, into court, but it does not want to risk having to pay for the benefit it derives from including him in a suit—a benefit it may receive for free anyway if Debtor's attorney's fees are covered by his insurance, as the Bankruptcy Court found they may well be.[1]

Debtor's answer cites cases such as In re White, 73 B.R. 983 (Bankr.D.C.1987), that hold that a modification is appropriate if the Debtor will incur no costs in defending the civil action. The White court held that: "Plaintiff is entitled to a declaration entitling her to proceed to judgment in her pending personal-injury negligence lawsuit against the debtor-defendant, provided that all costs of defense are borne by the debtor's insurer and not the debtor personally...." Id. at 985–86 (emphasis added).[2]

■■■ The Bankruptcy Court is a court of equity. In determining whether a modification is appropriate, the court must balance the interests of the non-debtors against the "fresh start" policy in favor of the Debtor. The unfortunate consequence (at least from the non-debtor's standpoint) of a bankruptcy is that, once qualifying for a discharge, the debtor is given certain breaks—often to the disadvantage of creditors and others involved with the debtor. This is one of those times.

■■■ In the exercise of its discretion, the Bankruptcy Court found the best way to balance the equities of the instant situation was to allow the FDIC to pursue its claim against the Debtor but preserve the Debtor's "fresh start" by conditioning that pursuit on payment by the FDIC of the costs of defending the suit if those costs were not covered by Debtor's insurance.

We find that the Bankruptcy Court's resolution of this matter was equitable and

1. The FDIC's argument that the requirement of paying the Debtor's attorney fees will encourage the Debtor to "run up" his bill with needless expenses is meritless. The Bankruptcy Court clearly stated only "reasonable" attorney's fees need be paid.

2. In light of the White court's holding, Appellant's argument that the Bankruptcy Court's order is "unprecedented" is puzzling.

that the Bankruptcy Court did not abuse its discretion.

### IV. *Conclusion*

*Ergo*, the Appellant's curative motion is ALLOWED.

The opinion and order of the Bankruptcy Court entered March 28, 1988, is AFFIRMED.